I can hear you great. Thank you. Oh, yes, I can't see you. Look at that. Wow, our IT people are wizards Anyway, we only have two cases left for the sitting and the first one is 23 203 5 1 u.s. Versus McNeill Miss Myers, what a delight to have you arguing Margie Myers federal public defender representing the defendant appellant. Mr. McNeill So the issue in this case is whether the district court Refused to calculate the guidelines as necessary before deciding to impose a non-guideline sentence First the first issue is whether the court has to calculate the guidelines The government suggests that under federal rule of criminal procedure 32 little one no I 3b That the court can say I don't need to calculate the guidelines because it won't affect my decision I think that's a misreading of that rule that rule really refers to Factual disputes it would read the guidelines right out of existence Clearly the court must calculate the guidelines The Supreme Court has said that and this court has said that and the cases cited by the government Don't stand for a different proposition Just stepping back a little on background your client got 60 months He did so that's outside the guideline range and that's often the word that's used outside. Yes But there seem to be two issues here. You're alleging broadly procedural error Reversible procedural error is that because it's your view He had to reach the enhancement issue as to whether the gun he was charged with was connected to the assault and the murder Yes But wouldn't the district court have actually been doing hit McNeil a favor by not Sort of prejudging that issue that was pending in state court in other words It is a factual dispute the probation officer I remember thought it didn't need to connect to the gun, but the government sort of responsibly said we're not sure we can connect it So I guess I'll turn that to a question So if instead a district court says I've looked at the range I've considered the range, but this is where I'm going to get to why isn't that a valid pretermitting of a disputed factual point? Because well first of all I don't think the court would have been doing mr. McNeil a favor because whatever the court did in the federal case even if the court said I think he I think there's a preponderance of the evidence that he's responsible for the murder and the aggravated assault That wouldn't determine anything in state court if only because of the different standard of review And and rules of evidence right, but boy you wouldn't want a disputed sentencing hearing Um I guess I shouldn't go. I mean it's your it's your choice, but I guess there doesn't have to be an evidentiary Hearing there has to be a determination and what's very strange about this case is the defendant Repeatedly objected on whether or not the government had adequately tied Mr.. McNeil to the other cases the government gets up and says kind of two Inconsistent things says we don't have the shell casings will concede we may not be able to tie them But we think by a preponderance of the evidence. There's enough it preponderance of the evidence is the standard You don't need an evidentiary and for example had the court gone through What the pre-sentence report laid out and said I think that's sufficient Then the court would have made a sufficient determination And I might add in contrast to most cases district court never adopted the pre-sentence report This is the statement of reason says the court did but I don't think this court can rely on the statement of reasons Which is inconsistent with the fact that the district court not only did not adopt the report But specifically and repeatedly said I'm not figuring out what the guidelines are but but he did say that initially But then he seemed to catch himself and say wait a minute wait a minute I have to start with the guidelines, and I have considered the guidelines Everyone knew what the range alternative was it just depended on that enhancement And then he says at the end and he's asked by probation. What are your reasons, and he gives a 3553 variance Yes, and no everybody talked about a departure the government asked for a departure and the government asked for a departure I recognize after Booker in fact the Sentencing Commission was trying to get rid of the distinction But what whatever it is we really are talking about an outside the guideline sentence I do think that the court can say I think the defense says this is the guideline The government says this is the guideline having looked at everything I think even the higher guideline is not enough But then the court must explain why the higher guideline isn't enough And what's causing concern in this case is both the government and the court Gave two reasons for an outside this guideline sentence One was this conduct that the defendant had just been engaged in and the other was the criminal history Well the conduct is the issue and if the court Started with the enhanced sentence which the court seems to say 30 to 37 which is the enhanced sentence then the court would have to explain why that four level increase is not sufficient to Consider the conduct that it appears everyone is considering you you you all did object to the PSR Enhancement. Yes, did you object to the paragraph at the end paragraph 90 that said Here's the factual basis for either a variance or a departure You know 18 convictions. That's criminal history justifies the departure or he's a super dangerous guy offense specific that's a variance We objected actually Even late we objected to a departure, but at sentencing we said if you're going to depart This is what we think it should be and there was a discussion of the criminal history and one of the things That is the government and the probation office kept emphasizing that he had 18 uncounted criminal convictions It's not the number it's the nature of the convictions and if one goes back and looks at the convictions most of them are Essentially shoplifting except that the defendant goes into the store remains there and steals something the only Conviction that's similar to this one. It is the final felon in possession conviction in 2008 which did involve some violence, but that one's considered So I would say that yes the criminal history We didn't dispute that the court could consider criminal history But the issue is where do you start and the problem is both the government and the court are? using both criminal history and These two allegations surrounding this case and kind of using it twice Because they're starting at 30 to 37 and then saying and this conduct is really bad So I think that's the problem that that the court is This court can't figure out What it is the court was doing because the court kept saying different things and said three times Not an isolated remark said over and over again. I don't have to calculate the guidelines I'm not going to calculate them the Fifth Circuit can't make me calculate them And so I think that it's clear that the court did not calculate the guidelines And so then the question is the court did have both ranges in front of it And whether or not having not calculated the guidelines under a harmless error error standard The sentence can be affirmed. Anyway, I guess just to clarify then you're making a procedural Yes, is it? preacher met an issue Or is it my Do you want me to mute you hear any background noise? No Sounds great to me. But if I'm causing it, I can mute maybe try muting. I don't think you're causing it It's our problem here. There you go Yeah, I guess it has gone away So so specifically which of the three or all three or a combination District Court didn't start by calculating the range or didn't sufficiently explain the upward variance from the range or Could not hear preterm it a disputed issue of I'll say fact the the court Did not calculate the range the court repeatedly said I don't have to calculate the range I'm not going to calculate the range. There's even a back-and-forth about this is unadjudicated conduct in state court Generally, the case law is clear that the court must calculate the range and then decide if the range is sufficient under 3553 a either to depart or vary or give a sentence outside the guidelines I Can envision a case where the court says? Looking at both guidelines. In fact, I had a case a month later with the downward departure Looking at both guidelines. Neither of these guidelines accurately reflect the appropriate sentence, but then with the court would have to say is Even if it's 30 to 37 even if The if I overrule your objection the higher guideline is not sufficient So clearly the lower guideline isn't sufficient and I would give a sentence above the guidelines regardless the court I think could do that, but then the court's reasons should not include the reason for enhancement So the problem here is the court is saying I don't have to but the court's reasons for an above guideline sentence are Twofold one is criminal history and the other is the nature of the conduct in this offense Well, that is the conduct that is the subject of dispute whether it happened and whether it was relevant conduct So you don't think the record is open to a conclusion that when the government said they couldn't prove up the enhancement the court said fine, I'm going to accept your upper departure recommendation and But and then the then probation says well you have to give reasons and the court says Criminal history plus he's a dangerous offender I don't think the record is clear the government talks out of both sides of its mouth and says both Says the nature of the conduct and the criminal history and I think the court also says both So you would have us vacate and remand for the court just to say just that I'm not making a preponderance finding justifying the enhancement, but I'm sticking with 60 months because Really bad guy in the past really bad guy now in the future that in other words. What would change? I think first of all as as a Reference point not just in this case, but for district courts I think it needs to be clear from this court that the court needs to calculate the guidelines or make a Statement on the record that I've considered this guideline and this guideline and for these reasons They're not sufficient the court can't I mean the court here says I'm just giving a 3553 a sentence. I mean that Makes the guidelines go away. So number one I think just as a matter of policy the court needs to make make it clear that the district court needs to make a When defense counsel said no, wait a minute You've got to consider them and he says quote I have to I agree I have to take them into account that can't be said to be he was aware of all guideline range options But then he says but I'm not considering them. This isn't a guideline sentence. So I don't think it does Okay, they go back. I mean depends how you read the record, but yeah, but they go back and forth and I think he Says that he's not Considering the guy which is problematic There's no further questions, I'll save my time for rebuttal. Thank you Barry okay May it please the court Loretta Barry for the United States There is no dispute that the district court considered the guideline range with the firearm enhancement and without the firearm enhancement This is an upward variance because the court concluded that neither range was sufficient to address McNeil's criminal history under 3553 a The enhancement played absolutely no role in the court's selection of a 60 month sentence Therefore the district court did not need to rule on the enhancement Toward the end of the sentencing hearing. I direct the court to record 163 where the court stated it is insignificant to rule on the enhancement because it would not make a difference in my sentencing which has to do with 3553 a back at the very end that is at the very end throughout That's a variance in your brief on page six. You said Before sentencing the government filed a memo and it asked for a departure or a variance, correct? There's no request for a variance in that memo. Is there? No, there is not so you should have corrected that Well, I don't think this court has ever overturned a distinction between a variance or a departure I'm suggesting from the standpoint of the government briefing If you say to us your memo before sentencing Requested a departure or a variance Mm-hmm, and then the district court in the end gives a variance and you then tell us you asked for both That's just factually wrong. I Think that I think the prosecutor did ask for a an upward departure. Yes, your honor only a departure Yes, because I think the prosecutor was mistaken about the facts supporting whether the enhancement could be applied, but the memo also states that Irrespective of the enhancement the the prosecutor request a sentence above and that's exactly what the Prosecutor did at the sentencing hearing when the prosecutor starts the sentencing hearing. He asked for a departure again All the way till the end. It's all everyone's talking about a departure. That's correct. But let me point out your honor that even The the enhancement with the enhancement 15 to 21 months the court understood That was the range without the enhancement that's at record 146 then The Defense Council even agrees that 30 to 37 with the sentencing enhancement could be used as a starting point That's acknowledging that the courts considering both ranges that I know my focus is just I mean Obviously everything these days is guilty pleas and sentencings and there's a gulf of difference between a variance and a departure I think knowing that's necessary and the probation had it just right distinguishing the two But the difficulty is when you say in your brief we asked for both it makes it look like this was from start to finish a variance But I'm you can disagree if you think I'm wrong the government from the start in its request for sentencing adopted by the district court throughout clarified by reasons by probation all contemplated a departure Is that correct? That's correct. And the district court Consistent with what it said at oral pronouncement Decided not to do a departure which it is permitted to do under gall under step two But the error then infects the statement of reasons. No, you're on well listen to my question Did the district court yes or no did the district court check a box that there was a motion for departure? No, but that is what the motion was That is what the motion okay, and then did the district court check that the pre-sentencing motion was for a variance Yes at 232 233. That's a mistake, too I'm not aware that this court has overturned any I'm not saying what's overturned. The problem is your briefing It makes this is just not a slip-up. This is you say affirmatively that the government asked for a variance But the government didn't I? Think your honor if you look at 163 to 164 the very last thing the prosecutor asked for at sentencing was your honor May we clarify is this a 35? Is would you give the same sentence now the prosecutors do that a lot that becomes an alternative basis? Are you suggesting this record the government was giving up its arguments for departure and saying instead? It should be solely based on 3553. Is that what your argument? I think that that is a reasonable alternative, and here's why not is it a reasonable turn is that your argument? That is my argument that this is the government was correcting everything the district court had done in that final sentence and saying you can't Our recommendation for departure your adoption of the recommendation probation's defense of it all of that's wrong Instead you should be doing a variance. Is that what the government did in that final little section? I don't think it's clear your honor because I think throughout it was the terms were used interchangeably And I'm sure it could have it could have been cleaned up better Yes, your honor But but ultimately that enhancement played no role in the sentence because here's why and with respect to my colleague Who discusses that the facts of the enhancement played a role in the criminal history? They absolutely did not and here's why the district court stated that at record 162 the court specifically pointed the parties to record to PSR 7 through 13 where the court focused that its sentence was based upon his Continuing an episodic criminal history and that had nothing to do with the enhancement and the court focused on the the The chronicle of 39-year criminal history beginning at age 21 where he queued for thefts The last one at age 35 where he served 16 years five trespasses for burglaries and at age 48 He accrued a felon in possession of a weapon well, okay, but correct me See, this is why it's so important to delineate which you're doing because I think I'm right, but correct me if I'm wrong It's been a while if you're gonna rely on criminal history under a representing that's a basis for a departure if You're gonna say an individual is dangerous. That's a basis offender characteristics for a variance What you're describing right now sounds like you're going back to the justification for a departure No, your honor. I'm explicitly Upholding with the district court said that this was a variance that's consistent with its written statement of reasons at record 232 to 233 that this was based exclusively on his criminal history and the latest all of that 39-year history culminated with The offense conduct which the court was referring to the federal Possession of a firearm the court deems that alarming given that he was a 60 year old man Now Defense Council states that I referred to rule 32 for the position that the court need not calculate the guidelines That's not what the rule states. It simply states that the resolution of the PSR dispute is Unnecessary where it's immaterial to the sentence Okay I agree with you on that if it's unnecessary to resolve fact dispute No one needs to and am I right that the government itself was being responsible saying? We don't want to try to prove up something that's being charged in state court. I think that the prosecutor was mistaken that the the facts of that enhancement had to show that the Firearm was the exact same one that was used in the federal offense I think perhaps that's why the district court never resolved the enhancement because there was some confusion Oh, okay. I haven't studied that so you think probation's right that the enhancement would have applied I absolutely do but ultimately it wouldn't have made any difference because the court stated time and time again that it need not address it record 144 to 145 because the sentence was based upon conduct and criminal history and at record 146 the court stated I Sentencing guidelines, which is straight out of the language of Molina Martinez Then even using the next step which was 30 to 37 with the enhancement the court used the language from Gaul I'm gonna use this as a starting point and defense count. Oh, okay two questions then So you're a you're saying this transcript shows the court fully calculated the guideline range and had to Before departing or varying either one this judge did and that is required I am saying that yes, it needs the court needs to calculate the sentencing guideline range Absolutely, it does under Gaul and the court did that. Okay, and but but let's even if it didn't well No needs to under Gaul. I agree with you on that and then the court has to explain How it gets to 60 correct and the court did that on this record it took step two of Gaul It followed the procedures under step two of Gaul It says that the court is permitted to deviate from the guideline range based upon the 35 53 a factor So when the opposing counsel says they interpreted your brief to being a judge could just pick out a number under 35 53 Departure outside the guidelines altogether. That isn't the government's position That is not my position Your honor the court considered all of the ranges and and even if it didn't even if it didn't consider one of the ranges Let's say the the next bump up which the federal public defender asked for which was 37 to 46 That was a record 152 on this record. The court stated I'm selecting a 60 month sentence and that's independent of any guideline range that's straight out of Johnson And I think on this record even if there wasn't all the discussion about all the applicable ranges The court was very clear that in its mind. It had a 60 month sentence in mind Explicitly based upon the 39-year criminal history not related at all to the enhancement With respect to the comments that the Fifth Circuit can't make me rule on The sentencing guidelines. I don't have to consider the sentencing guidelines. That's incorrect a record 146 the court said the Fifth Circuit can't make me rule on the enhancement District Court never said the district court can't make me consider the sentencing guidelines. That's inaccurate I think for future cases the The clarity with respect to the difference between a variance and a departure Isn't it is important under Jacobs because the departure is tied to the sentencing guidelines Calculation and the variance of course is statutory under 3553 a so the mistakes that were made on this record though really make no difference because ultimately the court's oral pronouncement 3553 a supported the sentence is consistent with the statement of reasons if the court has No further questions. I respectfully request the judgment be affirmed. Thank you counsel Miss Myers rebuttaled First Of all your honor while we're correcting our briefs I do need to let the court know that my math is completely bizarre in my brief First of all, I we didn't consider that the actual criminal history is category four So the guideline range would have been 21 to 27 months not 15 to 21 And then the difference is 13 months not 23 months But that being said a couple of things first of all I will say I do think the government clearly only asked for a departure, but in their defense I will say that in their motion what it says is the United States requests an upward departure based on the factors outlined in 3553 a so they keep talking about departure, but they do at least Service to 3553. Okay. Well, I'm staying corrected then and The defendant didn't agree that the guidelines were 30 to 37 months He said assuming that that's where the court's starting because that's what the court was saying Level 15 30 to 37 that he was suggesting a one category difference And I would also note that if we're only talking about criminal history the probation officer itself In recommending a criminal history outside the guideline sentence and probation did ask for departure and variance Noted that paragraph 90. Pardon. He said there was a basis for either. Yes first They said departure and then they said you could bury for the same reasons Even probation noted that had he been in a category six The guideline range would have been 41 to 51 months. So I would submit that the 60 months is plucked out of thin air Without any explanation of why it should be six 60 months I would note that Johnson which the government relies on is a plain error case in this case We kept saying you need to calculate the guidelines. We dispute the guidelines and What if a district judge at the end does say 60 months is where I'm getting based on 35 53 factors He's a particularly dangerous man. He's always been that What wouldn't that almost always? well That that's gonna work under 35 53 I don't think the court can say that without looking at the guidelines or the guidelines are out the window I don't think there's any case that says the court says that the court could say 30 to 37 is the even if it's 30 to 37, which is the higher range I think 60 months is necessary for these reasons The problem is that both the government in the court the the government even though they're disavowing The ability to prove the other two cases They do say preponderance of the evidence and they talk about how dangerous this guy's conduct in this case was The actual indictment is based on him having a gun. The danger is based on the challenged facts Similarly the court in saying criminal history then goes on to talk about Concern about this guy's conduct. So it isn't just criminal history It is all related to this dispute about whether or not. Mr. McNeil was responsible for this other conduct and that's that is the concern that the court must make a determination whether or not He was responsible and even relevant conduct for example in Lopez which the probation department cites It's a relevant conduct determination But it's up to the court to determine is the defendant responsible and are these other two acts relevant conduct? Whether the assistant US attorney was right or wrong I guess I would have thought that the most compelling case to preterm it a factual dispute Would be one when the defendant is facing that uncharged conduct in state court at the same time. I wouldn't I Know you're saying that doesn't really benefit him But I would think that would be where sentencing judges are most advised to preterm it the issue They don't and I don't think it matters and the problem in this case is they claim not to rely on it But then both the government and the court talk about it So if they're really not going to rely on it, then it's got to be pure criminal history and it may be 18 convictions But it's mostly staying inside target and stealing something and being caught inside target later It's not the violent history that was driving the sentence in this case Thank you. Thank you The case is submitted We will call the next case for the day 23